USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/06

SAND, J

ORIGINAL

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEUTSCHE LUFTHANSA AG,

        Plaintiff,

-against-

THE BOEING COMPANY,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civ. No.: 06 CV 7667 (LBS)

**ORDER TO SHOW CAUSE**

*Endorsement Denied. See proceedings Sept. 28, 06.*

*So ordered*
*Sand*
*USDJ*
*9/29/06*

**MEMO ENDORSED**

    Upon the reading of the declaration of Bernhardt Seiter, declared September 22, 2006, with exhibits annexed thereto, Plaintiff's memorandum of law submitted herewith, and the Summons and Complaint herein, and having heard arguments of counsel representing both parties hereto, it is hereby:

    ORDERED, that the defendant, The Boeing Company ("Boeing"), shall show cause before the Honorable __L.B. SAND__, United State District Judge, at the United States Courthouse, 500 Pearl Street, New York, New York, on the ____ the day of _____ 2006 at ____ in the _____ noon, or as soon thereafter as counsel can be heard, why an Order should not be entered granting Plaintiff Deutsche Lufthansa AG ("Lufthansa") a preliminary injunction enjoining and restraining Boeing, its officers, agents, servants, representatives, attorneys and employees, pending a final determination of the within action, pursuant to Rule 65 (a) of the Federal Rules of Civil Procedure ("FRCP"), from:

    (a)    terminating and/or in any way altering or limiting the service provided for under the terms of the Service Agreement entered into between the parties on May 26, 2003, and related side-letter agreements (collectively the "Service Agreement");

MEMO ENDORSED

(b)   taking any actions to dismantle, disconnect, or in any other manner or form, restrict, reduce, or eliminate broadband transmission for in-flight internet service to equipped aircraft operated by Plaintiff, including without limitation, reducing or modifying its functionality and/or the material terms upon which the service/product is currently being offered to Lufthansa fliers;

(c)   dismantling on-ground equipment or satellite connections, discontinuing licenses, laying off employees and/or taking other actions related to the Boeing business unit, called "Connexion by Boeing," that is responsible for the provision of service and/or the product pursuant to the Service Agreement to Lufthansa; and it is further

ORDERED, that pending the Hearing on the Preliminary Injunction Motion, the Defendant, its officers, agents, servants, representatives, attorneys and employees are Temporarily Restrained from undertaking any of the actions or conduct enumerated in (a) – (c) above; and it is further

ORDERED, that plaintiff shall post security in the amount of $_____, on or before _____, 2006, on condition that plaintiff pays Boeing its costs and damages, including reasonable attorney's fees, as may be incurred, or suffered by any party who is found to have been wrongfully enjoined or restrained, and it is further;

ORDERED, that service of this Order, the Complaint, and the accompanying Motion papers via facsimile and overnight mail upon (a) Vanessa Lee, Office of the General Counsel, The Boeing Company, 1301 Southwest 16th Street, Renton, Washington 98055, telephone number 206.622.7963, facsimile number 206.662.9001, Vanessa.Lee@boeing.com; (b) the office of outside counsel, Adkins and Plant PLLC, 7718 Second Avenue NE, Seattle, WA 98115, care of Cynthia F. Adkins, Esq., telephone number 206.527.3571, facsimile number 206.770.6534,

cadkins@adkinsandplant.com; and (c) Richard Svoboda, Connexion by Boeing 15460 Laguna Road Irvine, CA 92618; shall be deemed good and sufficient service.

    Dated: New York, New York
           September ___, 2006

    ENTER:


_____
           U.S.D.J.